IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:25-CR-90-DCLC-CRW |
| v. | ) | |
| | ) | |
| TONYA RENEE VALENTINE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's objections to the career-offender designation set forth in

¶¶ 26, 43, 44, 48, and 75 of the Presentence Investigation Report ("PSR"). Defendant argues that

her convictions for Delivery of a Schedule III controlled substance ( PSR ¶ 43) and Possession of

a Schedule II controlled substance with the intent to deliver (PSR ¶ 44) are not prior controlled

substance convictions that qualify as a predicate for a career offender designation. [Doc. 69, pg.

2].[1]

Defendant raises two distinct challenges. She argues that the United States Sentencing

Commission exceeded the authority delegated to it by 28 U.S.C. § 994(h)(2)(B) when it defined

"controlled substance offense" in U.S.S.G. § 4B1.2(b) to include prior state drug convictions, and

that the Sixth Circuit's contrary decision in *United States v. Williams*, 53 F.3d 769, 772 (6th Cir.

1995) has been abrogated by the Supreme Court's decision in *United States v. LaBonte*, 520 U.S.

751, 757 (1997).

For the reasons that follow, the Court **OVERRULES** Defendant's objections.

---

[1]    This objection is virtually identical to the objection raised in *United States v. Norton*, 2:25-CR-52, Doc. 22
(E.D. Tenn.  Jan. 6, 2026).  The Court entered a memorandum opinion overruling that objection.

## I.  BACKGROUND

A Grand Jury indicted Defendant with a conspiracy to distribute 50 grams or more of methamphetamine from September 2024 through July 2025 [Doc. 3].  She entered a guilty plea on December 3, 2025.  The PSR identified a 2013 Tennessee felony conviction for Delivery of a Schedule III controlled substance for which she received a two-year suspended sentence. [PSR ¶ 43]. This is classified as a Class D felony, *see* Tenn. Ann. Code § 39-17-417(d)(1), for which a Range I offender would be subject to "not less than two (2) nor more than four (4) years…."  Tenn. Ann. Code § 40-35-112(a)(4).  That sentence was later revoked and she served that sentence.  The PSR also identified a 2017 felony conviction for possession of a Schedule II controlled substance (methamphetamine) with the intent to deliver [PSR ¶ 44].  Because the amount exceeded 0.5 grams, this was classified as a Class B felony, *see* Tenn. Code Ann. § 39-17-417(c)(1), for which a Range I offender faces "not less than eight (8) nor more than twelve (12) years…."  Tenn. Code Ann. § 40-35-112(a)(2).  For this conviction, she was sentenced to a 12-year sentence suspended to Community Corrections.  Defendant does not dispute the fact of these convictions; she disputes only their status as a "controlled substance offense" under U.S.S.G. § 4B1.2(b).

## II.  ANALYSIS

Defendant begins by arguing that 28 U.S.C. § 994(h)(2)(B) directs the Commission to ensure career-offenders are sentenced "at or near the maximum term" for those offenders previously convicted of only specific *federal* drug offenses enumerated in that subsection, and that the Commission exceeded its authority by defining "controlled substance offense" in § 4B1.2(b) to include prior state drug convictions. Defendant argues that, to the extent the Sixth Circuit's decision in *United States v. Williams*, 53 F.3d 769 (6th Cir. 1995) approved or assumed the validity of the Commission's broader definition, *Williams* has been abrogated by *United States v. LaBonte*,

520 U.S. 751 (1997), and its progeny in the Sixth Circuit, including *United States v. Butler*, 207 F.3d 839 (6th Cir. 2000) and the Sixth Circuit's recent decision in *United States v. Bricker*, 135 F.4th 427, 436 (6th Cir. 2025).

Section 994(h)(2)(B) requires the Commission to ensure that career-offender sentences fall at or near the statutory maximum for those who have been convicted of a crime of violence or for "an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841)…." It does not constrain the Commission's general authority under 28 U.S.C. §§ 994(a) and 994(b) to define the terms used throughout the Guidelines. *LaBonte* does not hold otherwise. The Supreme Court in *LaBonte* addressed a different question than the one before the Court here. The Commission had promulgated Amendment 506, which redefined the term "maximum term authorized" in § 994(h) to exclude statutory sentencing enhancements. The Supreme Court held that the amendment was "inconsistent with § 994(h)'s plain language…." *LaBonte*, 520 U.S. at 753. *LaBonte* did not address whether the federal offenses described in § 994(h)(2)(B) limit the Commission's broader authority under §§ 994(a) and 994(b) to define the terms used in the Guidelines themselves. The Commission's authority and § 994(h)'s specific directive are not, on the face of the statute, inconsistent. Thus, the Commission did not exceed its statutory authority in defining "controlled substances offenses" to include state convictions.

The Sixth Circuit has continued to treat state drug convictions as qualifying predicates under § 4B1.2 in the years since *LaBonte* was decided. *See, e.g.*, *United States v. Jones*, 81 F.4th 591, 599 (6th Cir. 2023) (adopting the textual analysis of *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), and treating state drug convictions as predicates under § 4B1.2). Defendant invites this Court to declare that controlling Sixth Circuit precedent has been silently abrogated by a 1997 Supreme Court decision that the Sixth Circuit itself has had nearly three decades to apply. This

3

Court declines to conclude that *LaBonte* silently abrogated longstanding Sixth Circuit treatment of state drug convictions under § 4B1.2. *See Cartwright v. United States*, 12 F.4th 572, 585 (6th Cir. 2021) ("When a prior circuit decision conflicts with an intervening Supreme Court precedent, the panel must follow Supreme Court guidance."). None of the cases cited by Defendant holds that § 994(h)(2)(B) prohibits the Commission from defining "controlled substance offense" to include state drug offenses.

Now turning to Defendant's specific objection to her prior felony convictions, under U.S.S.G. § 4B1.1(a), a defendant qualifies as a career offender if (1) he was at least eighteen years old at the time of the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. *Id.*

Section 4B1.2(b) defines a "controlled substance offense" as an offense under federal or state law, punishable by more than one year of imprisonment, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense it. U.S.S.G. § 4B1.2(b).

To determine whether a prior state conviction qualifies as a controlled substance offense, the Court applies the categorical approach. *United States v. Clark*, 46 F.4th 404, 408 (6th Cir. 2022). The categorical approach proceeds in three steps. First, the Court identifies "the conduct that was criminalized under the state law of conviction." *Id.* at 408. Second, the Court "evaluate[s] that relevant conduct as defined in the Guidelines" and third the Court overlays the two. *Id.* The steps are analytically distinct.

The Sixth Circuit has already resolved whether a Tennessee conviction for possession with intent to deliver a controlled substance qualifies as a predicate controlled substance offense for career-offender purposes. In *United States v. Garth*, the Sixth Circuit found no meaningful distinction between "Tennessee possession with intent to deliver and federal possession with intent to distribute." 965 F.3d 493, 496 (6th Cir. 2020). It therefore held that "Tennessee possession with intent to deliver is categorically a controlled-substance offense under U.S.S.G. § 4B1.2(b)." *Id.* at 498.

The same is true with respect to delivery of a Schedule III controlled substance. In *United States v. Miller*, the Sixth Circuit held that Tennessee's drug-delivery statute categorically qualifies as a controlled substance offense under § 4B1.2(b). 34 F.4th 500, 502 (6th Cir. 2022).

Her objection that the Commission exceeded its authority by including prior state drug offenses in the definition of a "controlled substance offense" is therefore **OVERRULED**. And Defendant's prior Tennessee felony convictions are controlled substance offenses and qualify as predicates under 4B1.2(b).

## IV.    CONCLUSION

For the foregoing reasons, the Court holds that Defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Defendant's objections to the career-offender designation set forth in the PSR are **OVERRULED**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge